56 F.3d 84
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Joyce M. GRIGGS, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 93-5198.
 United States Court of Appeals, Federal Circuit.
 May 26, 1995.
 
 Before NEWMAN, LOURIE, and SCHALL, Circuit Judges.
 PAULINE NEWMAN, Circuit Judge.
 
 
 1
 Joyce M. Griggs, an attorney appearing pro se, appeals the summary judgment of the United States Court of Federal Claims.[1] The court upheld the decision of the Army Board for Correction of Military Records (ABCMR), declining to remove certain Officer Efficiency Reports (OERs) from her military record, to void her non-selection for promotion, and to reinstate her to active duty. We affirm.
 
 BACKGROUND
 
 2
 Ms. Griggs was commissioned as an Army officer in 1975. She was promoted to First Lieutenant in 1977, and to Captain in 1980. She was then twice passed over for promotion to Major. In 1987 she filed an application with the ABCMR requesting removal of three OERs and reconsideration for promotion. She had separately appealed each of these OERs to the Officer's Special Review Board (OSRB), stating that the reports were inaccurate, that the raters were sexist and racist, and that they did not reflect her true performance. The OSRB did not provide relief, holding that she had not proved these contentions.
 
 
 3
 The ABCMR held a hearing, for which Ms. Griggs submitted supporting documents and witness statements and at which she testified. The ABCMR concluded that the contested OERs represented "a fair, objective and valid appraisal of her demonstrated performance and potential during the periods in question." The majority of the ABCMR recommended that her application be denied in its entirety. A minority (two members) of the ABCMR recommended that the OER for the period February 20, 1982 to February 19, 1983 be removed.
 
 
 4
 The Deputy Assistant Secretary of the Army, acting on behalf of the Secretary, adopted the recommendation of the minority report. The Deputy Assistant Secretary then referred the corrected records to a Special Selection Board (SSB) for an advisory opinion on whether Ms. Griggs would have been selected for promotion if the removed OER had not been in her record. The SSB, comparing Ms. Griggs' corrected military record with records of her peers, concluded that she still would not have been selected for promotion.
 
 
 5
 Ms. Griggs requested reconsideration by the ABCMR. She stated that her raters for the two OERs were prejudiced, that the OSRB violated its own regulations by allowing a non-board member to be present during its deliberations, and that the SSB violated regulations by not providing her the opportunity to respond. The ABCMR reconsidered the submissions, including advisory opinions from the OSRB and Promotions Branch of the Army Personnel Command, and concluded that no unauthorized persons were present during OSRB deliberations, that no regulations were violated, and that the contested OERs were "fair, objective and valid." Ms. Griggs was separated from the Army on March 3, 1989.
 
 
 6
 On December 5, 1990 she filed suit in the United States District Court for the Northern District of Georgia, requesting reinstatement to active duty, backpay, promotion to Major, removal of the two remaining OERs, and special and punitive damages. On government motion the district court dismissed all aspects of her complaint except the claim under 10 U.S.C. Sec.1552, "Correction of military records: claims incident thereto," which was transferred to the Court of Federal Claims.[2] The record before us does not show the basis of the dismissal of the other claims. That dismissal was not appealed.
 
 
 7
 The Court of Federal Claims granted the government's motion for summary judgment. This appeal followed.
 
 OPINION
 
 8
 Appellant asserts that the Court of Federal Claims failed to take into consideration the impact of racial and sexual discrimination on her OERs and on her being passed over for promotion, and that the Army violated or incorrectly applied military regulations.
 
 
 9
 We give plenary review to the grant of summary judgment by the Court of Federal Claims. Thus we ascertain whether the ABCMR's determination was arbitrary, capricious, made in bad faith, contrary to law or mandatory procedure, or unsupported by substantial evidence. See Heisig v. United States, 719 F.2d 1153, 1156 (Fed. Cir. 1983), citing Clayton v. United States, 225 Ct. Cl. 593, 595 (1980). The courts are obligated to correct error or injustice, Dodson v. United States Gov't, Dep't of Army, 988 F.2d 1199, 1204 (1993), while giving appropriate deference to the exercise of discretion by military officials, Voge v. United States, 844 F.2d 776, 779 (Fed. Cir.), cert. denied, 488 U.S. 941 (1988). It is thus appropriate that the Court of Federal Claims "thoroughly examin[e] the decision of the correction board to determine whether it is supported by substantial evidence." Heisig, 719 F.2d at 1157.
 
 
 10
 The Court of Federal Claims considered Ms. Griggs' submissions in light of the record of the ABCMR's proceedings. On that record, we do not discern reversible error in the court's decision.
 
 
 
 [1]
 Griggs v. United States, No. 92-171C (Cl. Ct. June 30, 1993)
 
 
 [2]
 Griggs v. United States Army, No. 90-CV-2700-JTC (N.D. Ga. Dec. 31, 1991)